DOE v ROMAN CATHOLIC ARCHBISHOP
OF THE ARCHDIOCESE OF DETROIT

Docket No. 249394. Submitted November 2, 2004, at Detroit. Decided
December 21, 2004, at 9:10 a.m.

John Doe brought an action in the Wayne Circuit Court in December
2002 against the Roman Catholic Archbishop of the Archdiocese of
Detroit, alleging that he had been sexually abused by Robert
Burkholder, a Roman Catholic priest, repeatedly from 1972 to
1976 and again in 1983. With regard to the defendant, for whom
Burkholder had worked during the alleged abuse from 1972 to
1976, the plaintiff alleged negligence, premises liability, and inten-
tional infliction of emotional distress. The plaintiff alleged that the
defendant was aware of prior sexual abuse by Burkholder, but did
nothing to prevent further abuse. The plaintiff alleged that the
defendant fraudulently concealed the plaintiff's causes of action
against the defendant, including affirmatively misrepresenting
Burkholder as fit to be a priest, allowing Burkholder to act as a
priest despite complaints of sexual abuse, and transferring
Burkholder to different parishes that did not know of his abuse.
The plaintiff also alleged that he was not aware of his causes of
action against the defendant until October 2002, when he learned
of other instances of sexual abuse by Burkholder, and that the
defendant was aware of that abuse. The defendant moved for
summary disposition, arguing that the statutes of limitation
barred the plaintiff's claims and that the discovery rule did not
extend the statutes of limitation. The plaintiff argued that there
were questions of fact regarding the defendant's knowledge of
Burkholder's activities and the defendant's fraudulent conceal-
ment of the plaintiff's claims against the defendant. The court,
John H. Gillis, Jr., J., denied summary disposition, concluding that
questions of fact existed concerning the defendant's knowledge of
Burkholder's activities. The defendant appealed by leave granted.

The Court of Appeals held:

As a matter of law, the plaintiff failed to state a claim of
fraudulent concealment that tolled the statutes of limitation
pursuant to MCL 600.5855. Fraudulent concealment of a claim
requires the employment of artifice, planned to prevent inquiry or

escape investigation, and mislead or hinder the acquisition of information disclosing a right of action. There must be affirmative acts or misrepresentation. To be sufficiently apprised of a cause of action, a plaintiff need only be aware of a possible cause of action. The facts the plaintiff alleged in support of his claims against the defendant were all facts the plaintiff knew or should have known at the time of his injury, and his causes of action against the defendant were not concealed from him. The actions that the plaintiff alleged the defendant took to conceal the plaintiff's causes of action do not constitute fraudulent concealment because they amount to mere silence. The defendant's actions to avoid disclosing to the public at large Burkholder's actions and the defendant's knowledge of them did not prevent the plaintiff from knowing the facts surrounding his own sexual abuse by Burkholder and his possible causes of action against the defendant. The defendant's knowledge of Burkholder's abuse of other children and the plaintiff's knowledge of widespread abuse by priests are irrelevant to whether the plaintiff knew of his causes of action against the defendant.

Reversed and remanded for entry of summary disposition for the defendant.

H. HOOD, J., concurred in part and dissented from the majority opinion's conclusion that summary disposition is warranted on the plaintiff's fraudulent-concealment claim. The plaintiff's allegations were sufficient to avoid summary disposition because there were questions of fact regarding whether the defendant fraudulently concealed a possible claim against him by affirmatively taking steps to relocate Burkholder so that Burkholder's conduct in an individual parish would not be discovered by church members. The plaintiff's allegations demonstrated that the defendant did more than simply remain silent. A plaintiff relying on a fraudulent-concealment claim must exercise reasonable diligence to discover a cause of action, but questions of concealment and diligence are questions of fact. A limitations period applicable to a claim may be tolled under MCL 600.5855 if the identity of a tortfeasor is fraudulently concealed, as the plaintiff alleged. The trial court's decision should be affirmed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION — TOLLING BY FRAUDULENT CONCEALMENT.

Fraudulent concealment by a defendant of an actionable claim against the defendant, which serves to toll the statute of limitation applicable to the claim, requires the employment of artifice,

planned to prevent inquiry or escape investigation, and mislead or hinder the acquisition of information disclosing a right of action (MCL 600.5855).

*Weiner & Cox, PLC* (by *Cyril V. Weiner* and *Elizabeth C. Thomson*), and *Allan Falk, P.C.* (by *Allan S. Falk*), for the plaintiff.

*Bodman LLP* (by *Thomas Van Dusen, James J. Walsh,* and *Joseph E. Viviano*) for the defendant.

Amicus Curiae:

*Bendure & Thomas* (by *Mark R. Bendure*) for the Survivors Network of Those Abused by Priests, National and Michigan Chapters.

Before: CAVANAGH, P.J., and KELLY and H. HOOD*, JJ.

KELLY, J. Defendant Roman Catholic Archbishop of the Archdiocese of Detroit appeals by leave granted the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(7) in this case alleging sexual abuse by Robert Burkholder, a Roman Catholic priest. Defendant contends that the trial court erred in ruling that the applicable statutes of limitation did not bar plaintiff John Doe's claims. We reverse because plaintiff has failed to state a claim for fraudulent concealment that would toll the statutes of limitation applicable to plaintiff's claims. While we are thoroughly sympathetic to the plight of sexual abuse victims, especially those victimized by Catholic priests, our courts are constrained to correctly apply statutes of limitation and their exceptions in every case. The statutes of limitation have expired in this case and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

plaintiff has not stated a fraudulent-concealment claim on which relief may be granted.

## I. FACTS

In December 2002, plaintiff filed a complaint alleging that Burkholder sexually abused him from 1972 to 1976, when plaintiff served as an altar boy at the Immaculate Heart of Mary (IHM) parish in Detroit, Michigan. Plaintiff alleged that Burkholder used his position of religious authority to establish a relationship with plaintiff and his family. Plaintiff recalled that Burkholder sexually assaulted him approximately fifty times, including on day trips, in Burkholder's vehicle, and on church grounds. Plaintiff later filed an amended complaint adding that Burkholder sexually abused him again in June 1983 in Hawaii. Plaintiff alleged that defendant was aware that Burkholder had previously abused other boys, but did nothing to prevent further abuse. Plaintiff alleged that, "It was not until October, 2002 and thereafter that John Doe was able to discover, or reasonably should have discovered, that Burkholder's conduct was wrongful, that John Doe had suffered damage and injury as a result of that conduct, and/or that Burkholder's conduct was a likely cause of John Doe's damages and injuries."

Plaintiff's complaint included claims of (1) clergy malpractice, (2) breach of fiduciary duty, (3) intentional infliction of emotional distress, (4) negligence, (5) vicarious liability, and (6) premises liability. In the negligence count, plaintiff alleged that defendant fraudulently concealed plaintiff's causes of action against defendant "by affirmatively misrepresenting Burkholder as a priest or spiritual counselor, fit to serve his duties in the Church, and by allowing him to

continue to act as a Priest despite complaints made by other parishioners of sexual abuse." Plaintiff further alleged:

69. The Archdiocese further concealed Burkholder's sexual abuse activities by continuing to relocate him to different Churches within the community that had no knowledge of Burkholder's behavior, as described herein.

70. By engaging in activities to conceal the sexual abuse activities of Burkholder, the Defendants impliedly or expressly condoned his behavior thereby supporting Burkholder's explanations to Plaintiff that his sexual activities with Plaintiff were natural, approved of by God and the Church.

Defendant filed a motion for summary disposition arguing that the statutes of limitation barred plaintiff's claims. Responding to plaintiff's allegation that he did not discover his claims until he read about similar cases in October 2002, defendant submitted authority that the discovery rule cannot be applied to extend the time for bringing tort actions for alleged sexual abuse committed against plaintiffs when they were children. Defendant also argued that, on the facts of this case, the discovery rule did not extend the statutes of limitation. Burkholder concurred in the motion.

Plaintiff responded to the motion by arguing that there were questions of fact regarding whether his claims were barred when defendant fraudulently concealed them. Plaintiff argued, "It has only been within the last 12-18 months through widespread media coverage that it has become common knowledge that the catholic [sic] churches through[out] the country maintained a quiet and inconspicuous system of moving priests from parish to parish who had been found molesting children." Plaintiff also argued that he

did not become aware of a cause of action against Defendants until October 2002. It was at this time that [he] was given an article about the criminal prosecution of Burkholder for molesting a boy and that he sought assistance in investigating a claim for the assaults he suffered at the hands of Burkholder. Through investigation, including research of this Court's files, Plaintiff received information that the Archdiocese may have been told about Burkholder years before he met Plaintiff, but did nothing to stop him.

Plaintiff argued that there were questions of fact pertaining to the statutes of limitation, including what actions defendant took to conceal Burkholder's actions, the reasons for Burkholder's transfers, the complaints received by defendant about sexual abuse, and "the time that Plaintiff knew or should have known of the existence of a claim against [defendant] for its involvement in providing Burkholder access to children." Plaintiff also argued that, although Burkholder was "finally asked to leave in 1993," there were questions of fact regarding how public this action was and when defendant learned of Burkholder's behavior.

Defendant filed a supplemental response arguing that plaintiff's claims were barred because, even though plaintiff did not know all the details of the evidence that would prove his claims against defendant, he knew or should have known that his causes of action against defendant existed. In support of this argument, defendant submitted portions of plaintiff's medical records demonstrating that plaintiff informed a nurse, a therapist, and a social worker in 2000 that he had been sexually abused by a priest and that he recalled the abuse when he was twenty-five years old.

At oral argument, plaintiff clarified that he did not maintain that he was unaware of Burkholder's identity or the cause of action against Burkholder, but that defendant concealed plaintiff's causes of action against

defendant. Specifically, plaintiff argued that he was unaware that defendant knew about Burkholder's conduct and actually facilitated it by moving Burkholder from one parish to another while representing him as a religious authority.

The trial court entered a stipulated order dismissing plaintiff's claims against Burkholder. With regard to plaintiff's claims against defendant, the trial court denied defendant's motion for summary disposition stating, "I think there is a question of fact whether the church knew of Burkholder's activity, and when they knew it, et cetera."

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition brought pursuant to MCR 2.116(C)(7). *Rheaume v Vandenberg,* 232 Mich App 417, 420-421; 591 NW2d 331 (1998). In reviewing the record to determine if defendant was entitled to judgment as a matter of law, we consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings in plaintiff's favor. *Id.* at 421. Absent a disputed question of fact, the determination whether a cause of action is barred by a statute of limitation is a question of law that this Court reviews de novo. *Colbert v Conybeare Law Office,* 239 Mich App 608, 613-614; 609 NW2d 208 (2000).

### B. PLAINTIFF'S CLAIMS AND THE GENERALLY APPLICABLE STATUTES OF LIMITATION

Plaintiff's claims against defendant include intentional infliction of emotional distress and negligence

(both ordinary and premises liability.)[1] Intentional infliction of emotional distress and negligence are subject to a three-year statute of limitation. MCL 600.5805(10); *Lemmerman v Fealk,* 449 Mich 56, 63-64; 534 NW2d 695 (1995).

With regard to claims arising from alleged wrongs that occurred when plaintiff was under the age of majority, the statutes of limitation were tolled until one year from the time the disability of infancy was removed. MCL 600.5851(1). If plaintiff was born in 1965, he would have reached the age of majority in 1983. Accordingly, plaintiff had until 1984 to file these claims. The statutes of limitation were not tolled by MCL 600.5851(1) for claims arising from the alleged wrongs that occurred in Hawaii after plaintiff's eighteenth birthday. In any event, plaintiff concedes that the statutes of limitation should have run on all of his claims against defendant, but contends they were tolled because defendant fraudulently concealed plaintiff's causes of action against defendant. We disagree.

### C. TOLLING OF THE STATUTES OF LIMITATION

#### i. DISCOVERY RULE

Plaintiff's complaint appears to implicate the discovery rule, which is commonly invoked in claims involving childhood sexual abuse. We conclude that the discovery rule has no application in this case.

The general accrual statute, MCL 600.5827, provides that "the claim accrues at the time the wrong upon

---

[1] Plaintiff also alleged vicarious liability, but concedes that the statute of limitation has expired on that claim. Plaintiff alleged clergy malpractice and breach of fiduciary duty as well, but Michigan does not recognize a claim of clergy malpractice or a fiduciary duty on the part of a religious organization. *Teadt v Lutheran Church Missouri Synod,* 237 Mich App 567, 578, 581; 603 NW2d 816 (1999).

which the claim is based was done regardless of the time when damage results." Stated another way, a plaintiff's cause of action for tortious injury accrues when all the elements of a cause of action have occurred and can be alleged in a proper complaint. *Stephens v Dixon,* 449 Mich 531, 539; 536 NW2d 755 (1995). But if an element of a cause of action, such as damage, has occurred, yet is for a time undiscoverable with reasonable diligence, Michigan courts have applied the discovery rule. *Travelers Ins Co v Guardian Alarm Co of Michigan,* 231 Mich App 473, 479-480; 586 NW2d 760 (1998). Under the discovery rule, the statute of limitation "begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action." *Moll v Abbot Laboratories,* 444 Mich 1, 5; 506 NW2d 816 (1993). "The discovery rule applies to the discovery of an injury, not to the discovery of a later realized consequence of the injury." *Id.* at 18.

In his complaint, plaintiff alleged, "It was not until October, 2002 and thereafter that John Doe was able to discover, or reasonably should have discovered, that Burkholder's conduct was wrongful, that John Doe had suffered damage and injury as a result of that conduct, and/or that Burkholder's conduct was a likely cause of John Doe's damages and injuries." In this allegation, plaintiff appears to be invoking the discovery rule. But plaintiff explicitly disavows this allegation on appeal, stating:

> Appellant strives mightily to obfuscate the issues by constantly focusing on when plaintiff knew or should have known he had a cause of action against Burkholder. *No such issue is before the Court of Appeals;* Burkholder was dismissed by stipulation precisely because plaintiff recognized that he knew long before suit was filed that Burkholder was a tortfeasor. . . . The issue on appeal concerns when plaintiff knew, or should have known, that the

Archdiocese was itself tortiously culpable for its own actions with respect to both Burkholder and plaintiff.

Therefore, we conclude that plaintiff has abandoned any allegation or argument that the discovery rule should be applied to extend the statutes of limitation in this case.

### ii. FRAUDULENT CONCEALMENT

By and large, plaintiff argues on appeal that the statutes of limitation should be tolled because defendant engaged in fraudulent concealment of plaintiff's causes of action against defendant. Under the circumstances presented in this case, we disagree.

Before analyzing plaintiff's argument, it is important to note that plaintiff's complaint implicates defendant's actions both before the alleged abuse and after. Plaintiff alleges that defendant's action or inaction before the alleged abuse gives rise to causes of action against defendant for the abuse suffered. Plaintiff also alleges that defendant's actions after the alleged abuse operated to conceal from plaintiff his causes of action against defendant. It is quite clear that only actions after the alleged injury could have concealed plaintiff's causes of action against defendant because actions taken before the alleged injury would not have been capable of concealing causes of action that did not yet exist. So, in focusing on the fraudulent-concealment claim, we focus on defendant's alleged actions after the alleged abuse.

According to MCL 600.5805(1), "A person shall not bring or maintain an action to recover damages for injuries to persons or property unless . . . the action is commenced within the periods of time prescribed by this section." The purposes of statutes of limitation are manifold:

Statutes of limitation are designed to encourage the rapid recovery of damages, to penalize plaintiffs who have not been assiduous in pursuing their claims, to afford security against stale demands when the circumstances would be unfavorable to a just examination and decision, to relieve defendants of the prolonged threat of litigation, to prevent plaintiffs from asserting fraudulent claims, and to remedy the general inconvenience resulting from delay in asserting a legal right that is practicable to assert. [*Sills v Oakland Gen Hosp,* 220 Mich App 303, 312; 559 NW2d 348 (1996), citing *Lemmerman, supra* at 65.]

The Legislature, however, has seen fit to create certain exceptions to statutes of limitation. One such exception is the fraudulent-concealment rule, found in MCL 600.5855, which provides:

If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

As our courts have repeatedly stated, " 'Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent.' " *Tonegatto v Budak,* 112 Mich App 575, 583; 316 NW2d 262 (1982), quoting *De Haan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932). "[T]he fraud must be manifested by an affirmative act or misrepresentation." *Witherspoon v Guilford,* 203 Mich App 240, 248; 511 NW2d 720 (1994). Thus, "[t]he plaintiff must show that the defendant engaged in some

arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Id.* "[T]here must be concealment by the defendant of the existence of a claim or the identity of a potential defendant," *McCluskey v Womack,* 188 Mich App 465, 472; 470 NW2d 443 (1991), and the "plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Sills, supra* at 310. " 'If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know . . . .' " *Weast v Duffie,* 272 Mich 534, 539; 262 NW 401 (1935) (citation omitted).

For a plaintiff to be sufficiently apprised of a cause of action, a plaintiff need only be aware of a "possible cause of action." *Moll, supra* at 23-24. Plaintiff's claims against defendant include negligence and intentional infliction of emotional distress. The elements of a negligence cause of action are (1) a duty, (2) breach of that duty, (3) causation, and (4) damages. *Haliw v Sterling Hts,* 464 Mich 297, 303-304; 627 NW2d 581 (2001). "The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Johnson v Wayne Co,* 213 Mich App 143, 161; 540 NW2d 66 (1995).

The facts that plaintiff alleged in support of his claims were all facts that plaintiff knew or should have known at the time of his injury. In support of his negligence claim, plaintiff alleged that defendant failed to take steps to protect plaintiff, failed to "act with reasonable care and caution in hiring, training, investigating, and supervising Burkholder," failed to adopt a policy to detect and prevent sexual abuse by priests, and

failed to "otherwise act prudently and properly to avoid causing harm" to plaintiff. In support of his claim of premises liability, plaintiff alleged that defendant breached the duty of care by "failing to take reasonable steps to prevent Burkholder from having unlawful sexual contact" with plaintiff or warn plaintiff's parents about Burkholder's activities. In support of his claims of intentional infliction of emotional distress, plaintiff alleged that defendant acted with reckless disregard and failed to exercise reasonable care to avoid the injury to plaintiff.

At issue here is whether plaintiff knew or should have known of his causes of action against defendant, not Burkholder. Yet plaintiff has failed to allege a claim of fraudulent concealment that avoids the applicable statutes of limitation because plaintiff's causes of action were not concealed from him, i.e., he knew or should have known all the essential elements of potential causes of action against defendant at the time of his injury. This is not so simply because plaintiff knew he was sexually abused by Burkholder. This is so because of the entire constellation of facts that were known or should have been known to plaintiff at the time the abuse occurred.

According to the facts alleged in plaintiff's amended complaint, it is clear that plaintiff knew, at the time of his injury, that Burkholder was an active priest at the IHM parish in the Archdiocese of Detroit. Plaintiff knew that Burkholder was employed by and under the direction and supervision of defendant. Plaintiff knew that defendant represented Burkholder as a fit priest and spiritual leader, which was inconsistent with what Burkholder actually was and plaintiff knew him to be: a child molester and sexual predator. Plaintiff also knew or should have known that the church property on

which Burkholder abused him was owned by defendant. Further, plaintiff conceded in his complaint that Burkholder told him that Burkholder's "sexual activities with Plaintiff were natural, approved of by God and the Church." Under the circumstances alleged by plaintiff, it should have been clear to him that defendant either knew of Burkholder's abuse or should have known about it. In either case, plaintiff should have known that a "possible cause of action" against defendant existed independently of his cause of action against Burkholder.[2] *Moll, supra* at 23-24.

Moreover, the actions plaintiff alleged defendant took to conceal his causes of action do not constitute fraudulent concealment because they amount to mere silence. *Sills, supra* at 310. Plaintiff alleges that defendant fraudulently concealed plaintiff's causes of action against defendant by (1) representing Burkholder as a fit priest, (2) reassigning him to different parishes, and, more generally, (3) "engaging in activities to conceal the sexual abuse activities of Burkholder." But none of these acts constitutes the "employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *Tonegatto, supra* at 583. Rather, through these acts, defendant avoided disclosing Burkholder's actions and defendant's knowledge of them to the public at large.[3] Plaintiff admits that defendant's alleged acts amounted to mere silence in

---

[2] We also note that plaintiff argues that, through his own investigation, he ultimately did discover that defendant "knew or should have known about Burkholder . . . but did nothing to stop him . . . ." If plaintiff was able to discover this through his own investigation, failure to timely discover it cannot be attributable to defendant.

[3] Plaintiff also argues that, if there is a special duty, mere silence is enough to support a claim of fraudulent concealment. But, as noted previously, this Court has refused to recognize an independent action for

his brief on appeal, in which he describes defendant's concealment as *"omerta,"* "a conspiracy of silence," "suppression of truth," and "lack of warnings."

Furthermore, defendant's failure to publicly disclose Burkholder's actions or defendant's knowledge of them did not in any way prevent plaintiff from knowing that he was abused by a Catholic priest who was under the supervision and control of defendant, that the sexual abuse took place on church property, that defendant failed to prevent Burkholder's acts, or that plaintiff was harmed. Taking into account all the information available to plaintiff, we conclude that he knew, or through diligent inquiry should have known, of his possible causes of action against defendant. Therefore, on the basis of plaintiff's complaint alone, plaintiff's fraudulent-concealment claim fails.

The difficulty in this case arises from the failure to distinguish between plaintiff's knowledge of the evidence that could prove his claims and plaintiff's knowledge of the possible causes of action against defendant. The trial court ruled, "I think there is a question of fact whether the church knew of Burkholder's activity, and when they knew it, et cetera." This was erroneous because whether and when defendant knew of Burkholder's abuse is irrelevant to the determination of whether plaintiff knew or should have known of his causes of action against defendant.

For a cause of action to accrue, the entire theory of the case need not be apparent, nor is certitude required:

" 'The fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action. If there is a known

breach of fiduciary duty brought by a member of a religious organization primarily because doing so requires courts to consider religious tenets. *Teadt, supra* at 579-580.

cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know, pursuant to the rule hereinbefore stated (*i.e.*, by the exercise of ordinary diligence).

" '*It is not necessary that a party should know the details of the evidence by which to establish his cause of action.* It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim.' " [*Lemson v Gen Motors Corp*, 66 Mich App 94, 97; 238 NW2d 414 (1975), quoting *Weast, supra* at 539 (emphasis added; citation omitted).]

Accordingly, even if plaintiff did not know for certain that defendant knew of Burkholder's abuse of other children, defendant's knowledge of Burkholder's abuse of other children was not required for plaintiff to be aware of his causes of action against defendant. Rather, the extent of defendant's knowledge of Burkholder's abuse is evidence that could be used to prove plaintiff's claims of negligence and intentional infliction of emotional distress. See *McCluskey, supra* at 472.

Also problematic in this case is the failure to distinguish between plaintiff's knowledge of the "widespread sexual abuse plaguing the church" and his knowledge of his own causes of action against defendant. It was not necessary for plaintiff to know of widespread abuse in the church for him to have had knowledge of his causes of action against defendant. Thus, even if defendant attempted to conceal the "widespread sexual abuse" problem from the public at large, this attempt could not have concealed from plaintiff his causes of action against defendant. As discussed earlier, plaintiff knew or should have known the elements comprising his causes of action at the time of the abuse. This attempt

to tie widespread abuse to the abuse alleged in one complaint could be simply due to an attempt to circumvent the applicable statutes of limitation or it may be due to a genuine, and somewhat understandable, misunderstanding of the nature of claims based on sexual abuse by priests. Many victims of abusive priests likely did not consider suing the church when a priest molested them. But this phenomenon appears less attributable to the church engaging in fraudulent concealment of widespread sexual abuse by priests than to a collective reluctance to initiate legal proceedings against an institution whose perceived role in society is one of spiritual and moral guidance.

This is evident in plaintiff's argument that he was unaware of his causes of action until he learned that other victims had initiated legal action against Burkholder and defendant. Plaintiff suggests that the only way that he otherwise would have discovered his possible cause of action against defendant was to reveal to others that he was sexually abused by a priest. But plaintiff's revelation to others that he was sexually abused has no logical connection with his learning of his causes of action against defendant. As discussed earlier, plaintiff need not have known with certainty that defendant knew of Burkholder's actions or known of widespread sexual abuse in the church to be charged with knowledge of possible causes of action against defendant. Plaintiff's regrettable delay in filing his claims until he learned that other sexual abuse victims had taken legal action against Burkholder and defendant does not demonstrate that plaintiff could not have known of his causes of action against defendant; it simply demonstrates that plaintiff was unaware of the law. The fraudulent-concealment exception does not toll the statutes of limitation until a plaintiff becomes aware of the law.

Yet plaintiff argues that further discovery would uncover evidence that there was a church-wide conspiracy to address abusive priests internally and avoid outside involvement. Even this, if true, would not support plaintiff's claim of fraudulent concealment. Although addressing the problem internally, i.e., not publicly announcing the abuse or reporting the abusive priest to the appropriate authorities, may have implicated criminal activity, it did not operate to conceal from plaintiff his civil causes of action against defendant. Thus, to postpone accrual until plaintiff completed his investigation would not be authorized by existing law, nor would it coincide with the public policy underlying statutes of limitation, i.e., to encourage the prompt recovery of damages, penalize plaintiffs who were not diligent in pursuing their claims, afford security against stale claims, relieve defendants of the prolonged fear of litigation, prevent fraudulent claims, and remedy the inconvenience resulting from the delay of asserting legal rights. *Sills, supra* at 312.

### III. CONCLUSION

While we recognize that priests and church leaders who perpetrated these crimes have committed wrongs for which there is and should be legal recourse, the civil claims, like all others, are subject to the statutes of limitation. The Legislature has created some exceptions to the general statutes of limitation, but it has yet to create an exception for victims of sexual abuse. Plaintiff and the amicus curiae urge us to essentially create such an exception in the guise of broadly reading MCL 600.5855. In reaching our conclusion, we do not construe MCL 600.5855, but apply its unambiguous terms and well-established case law. Further discovery regarding defendant's attempted concealment or plaintiff's

diligence is unnecessary because, under the circumstances of plaintiff's injury, plaintiff knew or should have known the essential elements of any possible cause of action against defendant at the time of the alleged abuse. Therefore, as a matter of law, plaintiff has failed to state a fraudulent-concealment claim that avoids the applicable statutes of limitation. Plaintiff's claims against defendant are time-barred and the trial court erred in denying defendant's motion for summary disposition. Accordingly, we reverse and remand for entry of summary disposition in favor of defendant.

Reversed.

CAVANAGH, P.J., concurred.

H. HOOD, J., *(concurring in part and dissenting in part)*. I must respectfully dissent from that portion of the majority opinion that concludes that summary disposition is warranted with respect to plaintiff's fraudulent-concealment claim. Plaintiff argues that the period of limitations should be tolled because defendant engaged in fraudulent concealment of plaintiff's causes of action against defendant. Specifically, plaintiff alleged that defendant affirmatively misrepresented "Burkholder as a priest or spiritual counselor, fit to serve his duties in the Church, and by allowing him to continue to act as a Priest despite complaints made by other parishioners of sexual abuse." Plaintiff further alleged:

69. The Archdiocese further concealed Burkholder's sexual abuse activities by continuing to relocate him to different Churches within the community that had no knowledge of Burkholder's behavior, as described herein.

70. By engaging in activities to conceal the sexual abuse activities of Burkholder, the Defendants impliedly or expressly condoned his behavior thereby supporting

Burkholder's explanations to Plaintiff that his sexual activities with Plaintiff were natural, approved of by God and the Church.

Before analyzing plaintiff's argument, it is important to note that plaintiff's complaint implicates defendant's actions both before the alleged abuse and after. Plaintiff alleges that defendant's action or inaction before the alleged abuse gives rise to causes of action against defendant for the abuse suffered. Plaintiff also alleges that defendant's actions after the alleged abuse operated to conceal from plaintiff the causes of action against defendant. It is apparent that the reassignment of Burkholder before plaintiff was abused does not prove fraudulent concealment, although that may be evidence that defendant was aware of Burkholder's conduct. However, plaintiff alleges that, after the abuse, defendant continued to move Burkholder to churches in other communities that had no knowledge of his behavior. Furthermore, he alleges that defendant fraudulently represented Burkholder as a priest who was fit to carry out his duties, despite the complaints made against him. Thus, plaintiff alleges that defendant continued to conceal Burkholder's activities and to condone his behavior.

The fraudulent-concealment rule, found in MCL 600.5855, provides as follows:

If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Under MCL 600.5855, "the statute of limitation is tolled when a party conceals the fact that the plaintiff has a cause of action." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996). To invoke this provision, "there must be concealment by the defendant of the existence of a claim or the identity of a potential defendant." *McCluskey v Womack*, 188 Mich App 465, 472; 470 NW2d 443 (1991). "[T]he fraud must be manifested by an affirmative act or misrepresentation." *Witherspoon v Guilford*, 203 Mich App 240, 248; 511 NW2d 720 (1994). Thus, "[t]he plaintiff must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Id.*

The elements of a fraudulent concealment action are " '(1) a material representation which is false; (2) known by defendant to be false, or made recklessly without knowledge of its truth or falsity; (3) that defendant intended plaintiff to rely upon the representation; (4) that, in fact, plaintiff acted in reliance upon it; and (5) thereby suffered injury' ". *McMullen v Joldersma*, 174 Mich App 207, 213; 435 NW2d 428 (1988), quoting *Jaffa v Shackett*, 114 Mich App 626, 640-641; 319 NW2d 604 (1982).

It is true that mere silence is insufficient to prove fraudulent concealment. *Sills, supra* at 310. "The plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Id.* I believe that plaintiff's allegations are sufficient to avoid summary disposition at this stage regarding whether defendant fraudulently concealed a possible claim against him. There are questions of fact regarding whether defendant fraudulently concealed a cause of action against him by affirmatively taking steps to relocate Burkholder so Burkholder's conduct in

an individual parish would not be discovered by church members. As plaintiff alleged in his complaint, the allegations of the widespread sexual abuse of altar boys and other young church members did not become known until victims began to come forward years later. This gives credence to plaintiff's argument that defendant was able to prevent plaintiff and others from discovering any claims against him by moving Burkholder around to other parishes so that Burkholder's conduct would not be disclosed. The only way that plaintiff otherwise could have discovered his possible cause of action against defendant was to reveal to others that he was sexually abused by his priest.

Plaintiff's allegations demonstrate that defendant did more than simply remain silent. Defendant is alleged to have taken affirmative steps to mitigate liability for Burkholder's conduct by moving him around. The West Virginia case of *Miller v Monongalia Co Bd of Ed*, 210 W Va 147; 556 SE2d 427 (2001), is factually similar to this case and instructive. In *Miller*, the West Virginia Supreme Court of Appeals held that plaintiff had sufficiently alleged fraudulent concealment when the defendant knew that a teacher had sexually abused a child before the plaintiff was abused and concealed evidence of its knowledge, including transferring the teacher between districts and destroying evidence, to prevent the victims, including the plaintiff, from initiating lawsuits. *Id.* at 149, 151. The fact that plaintiff was aware of his sexual abuse years before he filed this action does not affect this argument.

Our Supreme Court has held that a plaintiff relying on fraudulent concealment must exercise reasonable diligence to discover a cause of action. If the plaintiff was negligent in failing to timely discover the claim, fraudulent concealment will not apply. *McNaughton v*

*Rockford State Bank,* 261 Mich 265, 269-270; 246 NW 84 (1933). Questions of concealment and diligence, however, are questions of fact. *Int'l Union United Automobile Workers of America v Wood,* 337 Mich 8, 13; 59 NW2d 60 (1953). There is no evidence in the existing record to show that plaintiff should have pursued a claim against defendant simply because defendant was Burkholder's employer. It may well be that defendant will ultimately prevail on this issue, but, as indicated, the existing record does not mandate a conclusion that plaintiff was on reasonable notice that defendant played a role in his treatment by Burkholder simply because defendant was Burkholder's employer.

I am aware, as defendant argues, that several jurisdictions have concluded that, once a plaintiff is on notice of a possible cause of action, he must diligently investigate his claims against all possible defendants. Although admittedly a close question in this case, I do not believe that MCL 600.5855 should be read so narrowly. Instead, a limitations period applicable to a claim may be tolled under MCL 600.5855 if the identity of another tortfeasor is fraudulently concealed, which is what plaintiff alleges occurred in this case.

I would affirm.