*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN A. MOTON, JR.,

      Plaintiff-Appellee,

UNPUBLISHED
November 12, 2020

v

No. 351679
Saginaw Circuit Court
LC No. 18-037772-NZ

CITY OF SAGINAW and ROBERT RUTH,

      Defendants-Appellants.

Before: MARKEY, P.J., and M.J. KELLY and GADOLA, JJ.

PER CURIAM.

In this interlocutory appeal, defendants appeal on leave granted the order of the trial court denying their motion for summary disposition under MCR 2.116(C)(7), (8), and (10), of plaintiff's claims under the WDCA[1] and the ELCRA.[2] We reverse and remand for entry of judgment in favor of defendants.

## I. FACTS

This appeal arises from plaintiff's claim that defendants retaliated against him in violation of the WDCA and ELCRA. In 1985, plaintiff became a Saginaw police officer and a member of the police officers' union under the applicable collective bargaining agreement (CBA). In 2001, plaintiff sustained a work-related knee injury. He sought and received workers' compensation benefits. In early 2002, after two knee surgeries and a guarded prognosis, plaintiff sought disability retirement. In May 2002, the Saginaw Police Pension Board deferred plaintiff's retirement request pending a six-month medical re-evaluation. Meanwhile, on June 30, 2002, the existing CBA expired. Plaintiff continued to work for the police department pending resolution of his disability retirement request, while the union and the City negotiated a new CBA.

---

[1] Worker's Disability Compensation Act of 1969 (WDCA), MCL 418.101, *et seq.*

[2] Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101, *et seq.*

-1-

In September 2002, plaintiff sued the City alleging that the police department had retaliated against him for seeking benefits under the WDCA and had discriminated against him under the ELCRA. After plaintiff filed the lawsuit, the pension board accepted plaintiff's disability retirement request. In February 2004, plaintiff and the City settled the lawsuit.

After plaintiff retired, the union and the City continued to negotiate a new CBA. In May 2004, the union representative notified the then active Saginaw police officers that the City and the union were discussing implementing a cost of living adjustment (COLA) for future retirees, and that the COLA would require increased pension contributions by employees. Plaintiff, having retired, did not receive the memorandum. The union and the City signed a new CBA in February 2005. Although the general provisions of the new CBA were retroactive to July 1, 2002, the retiree COLA was retroactive to July 1, 2004. Because plaintiff had retired in 2002, he was not eligible for the COLA, nor was he required to make increased contributions.

According to plaintiff, in 2017 or 2018, he learned from a former co-worker that defendant Officer Robert Ruth had selected the July 1, 2004 effective date for the COLA to ensure that plaintiff was excluded from the adjustment in retaliation for plaintiff's 2002 claims.[3] In 2018, plaintiff initiated this lawsuit against Ruth and the City, alleging that defendants chose the 2004 eligibility date for the retiree COLA to exclude him from the adjustment in retaliation for his prior worker's compensation and civil rights claims. Although the allegedly wrongful conduct occurred in 2005, plaintiff asserted that his claims were timely because defendants had fraudulently concealed his cause of action, thereby tolling the statute of limitations.

Defendants moved for summary disposition under MCR 2.116(C)(8) and (10) contending that plaintiff had failed to state a claim. The trial court denied defendants' motion for summary disposition, but ordered plaintiff to file an amended complaint stating with particularity the grounds for fraudulent concealment, and permitted defendants to renew their summary disposition motion after the close of discovery.

Plaintiff thereafter filed an amended complaint again alleging fraudulent concealment. Defendants again moved for summary disposition under MCR 2.116(C)(8) and (10), contending that plaintiff had failed to set forth a prima facie claim of retaliation and that there was no genuine issue of material fact. Defendants also moved for summary disposition under MCR 2.116(C)(7), contending that plaintiff's claim was barred by the statute of limitations. The trial court denied defendants' renewed motion, determining that plaintiff had alleged sufficient facts in the amended complaint to establish fraudulent concealment, thereby tolling the statute of limitations. The trial court also denied defendants summary disposition on the other grounds asserted, finding a genuine issue of material fact that defendants retaliated against plaintiff.

This Court thereafter granted defendants' application for leave to appeal and stayed the trial court's proceedings pending resolution of this appeal. *Moton v City of Saginaw*, unpublished order of the Court of Appeals, entered February 3, 2020 (Docket No. 351679).

---

[3] By contrast, the former co-worker testified that he did not make this statement to plaintiff.

## II. ANALYSIS

Defendants contend that the trial court erred by denying their motion for summary disposition under MCR 2.116(C)(7) because plaintiff's claims under the WDCA and ELCRA are barred by the statute of limitations. We agree.

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred by the statute of limitations. *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017). When reviewing a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7), we consider all documentary evidence in the light most favorable to the nonmovant, *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), and accept the complaint as factually accurate unless it is specifically contradicted by affidavits or other documentation. *Frank*, 500 Mich at 140. If there is no factual dispute, whether a claim is barred by the statute of limitations is a question of law for the Court. *Id*.

A statute of limitations is a " 'law that bars claims after a specified period; specif[ically], a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued.' " *Frank*, 500 Mich at 142, quoting *Black's Law Dictionary* (10th ed) (alteration in original). The purpose of a statute of limitation is to protect a defendant from being compelled to defend against a stale claim. *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995).

In this case, plaintiff's amended complaint alleges that in 2005 defendants entered into a collective bargaining agreement that resulted in cost of living adjustment for retirees of the Saginaw police department who retired on or after July 1, 2004; the COLA did not apply to plaintiff, who retired in 2002. Plaintiff contends that this date was selected to exclude him from the COLA in retaliation against him for the lawsuit he filed against the City in 2002. Plaintiff alleges that the retaliation violates the WDCA and the ELCRA.

The parties in this case do not dispute that these claims are governed by a three-year limitation period. Plaintiff filed his complaint in this case on October 16, 2018, more than three years after the alleged retaliatory act in 2005. As a result, plaintiff's claims are barred by the statute of limitations unless the limitation period was tolled.

Plaintiff asserts that his otherwise untimely claims are rendered timely because the statute of limitations was tolled by defendants' fraudulent concealment of the existence of plaintiff's cause of action. MCL 600.5855 permits the tolling of a statutory limitations period when a defendant fraudulently concealed the existence of a claim. *Mays v Snyder*, 323 Mich App 1, 39; 916 NW2d 227 (2018), aff'd ___ Mich ___ (2020) (Docket Nos. 157335-7, Docket Nos. 157340-2). In that regard, MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on this claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of

the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Under the statute, the plaintiff has two years within which to bring the claim from the time he or she discovers or reasonably should have discovered the claim if the plaintiff demonstrates fraudulent concealment by the defendant. *Frank*, 500 Mich at 148. Our Supreme Court has observed that this statute "provides for essentially unlimited tolling based on discovery when a claim is fraudulently concealed." *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 391; 738 NW2d 664 (2007).

For purposes of the tolling provision, this Court has defined fraudulent concealment as "employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (quotation marks and citation omitted). Fraudulent concealment extends the applicable limitations period only if the defendant made an affirmative act or representation, *Dillard v Schlussel*, 308 Mich App 429, 443; 865 NW2d 648 (2014), and the alleged concealment must involve conduct designed to prevent the recognition of a cause of action. See *Doe*, 264 Mich App at 643. Mere silence ordinarily is insufficient to establish fraudulent concealment. *Reserve at Heritage Village Ass'n v Warren Financial Acquisition, LLC*, 305 Mich App 92, 123; 850 NW2d 649 (2014). In addition, to take advantage of the tolling provision, the plaintiff must be reasonably diligent in investigating and pursuing the cause of action. See *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 48; 698 NW2d 900 (2005).

Thus, in this case, to successfully assert fraudulent concealment, plaintiff was required to plead in his amended complaint the affirmative acts or representations by defendants that were designed to prevent his discovery of the cause of action. *Doe*, 264 Mich App at 642; see also *Mays*, 323 Mich App at 39. A review of the record reveals that, although the Amended Complaint states that defendants fraudulently concealed plaintiff's cause of action, it does not specify any representation or act by defendants to support this allegation. Plaintiff does not allege any specific act taken by defendants that are the "employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *Doe*, 264 Mich App at 642. Rather, plaintiff alleges only that (1) in 2005 defendants negotiated a new collective bargaining agreement that included a COLA for retirees retiring after July 1, 2004, which did not apply to him because he retired in 2002, (2) defendants did not notify plaintiff of the COLA provision in the new CBA, and (3) in 2017 or 2018, he was told by a former co-worker that defendant purposefully excluded him from the COLA in retaliation for his 2002 claims. Plaintiff does not allege any acts by defendants to conceal this information from plaintiff, only that he did not discover it until 2017 or 2018.

As noted, a defendant's mere silence ordinarily is insufficient to establish fraudulent concealment of the existence of a claim. *Reserve at Heritage Village Ass'n*, 305 Mich App at 123. Having failed to set forth factual allegations to support his assertion that defendants fraudulently concealed his discovery of his alleged cause of action against them, plaintiff failed to demonstrate a tolling of the statute of limitations. The trial court therefore erred in denying defendants' motion for summary disposition under MCR 2.116(C)(7). Because we resolve this issue in favor of

defendants, it is unnecessary for this Court to reach defendants' additional assertions on appeal that the trial court erred by denying their motion for summary disposition under MCR 2.116(C)(8) and (10).

Reversed and remanded for entry of judgment in favor of defendants. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Michael F. Gadola