*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

BRIAN REVITZER,

        Plaintiff-Appellant,

v

SETH SWANSON, KEVIN LUCIDI, CHAD
LINDSTROM, and SCOTT WEIGERS also known
as SCOTT WIEGERS,

        Defendants-Appellees.

UNPUBLISHED
May 18, 2023

No. 360397
Wayne Circuit Court
LC No. 21-001075-CZ

---

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Brian Revitzer, appeals as of right the order granting summary disposition in favor of defendants, Seth Swanson, Kevin Lucidi, Chad Lindstrom, and Scott Weigers, also known as Scott Wiegers, under MCR 2.116(C)(7), (8), and (10). We affirm.

## I. BACKGROUND

This case arises out of a January 2013 fatal automobile accident and the subsequent police investigation. Plaintiff was driving his blue freightliner tractor-trailer south on I-75 when whiteout conditions rapidly set in, causing a pileup accident. One of the automobiles involved in the accident was a black 2010 Mazda driven by Glen Greenwood, with his wife and three children as passengers. Two of the children died from injuries they sustained in the accident. Swanson, who at the time was a trooper with the Michigan State Police Department (MSP), was the first to arrive at the scene, and became the officer in charge of investigating the accident. Swanson believed plaintiff's truck struck Greenwood's vehicle based on blue paint he observed on the roof of Greenwood's vehicle.

Weigers, who at the time was a motor-carrier officer with the MSP, assisted Swanson in securing the scene and looking for victims. Weigers gathered information on the commercial vehicles involved in the accident, including plaintiff's truck. Weigers inspected plaintiff's truck one day after the accident and found that the brakes were inoperable. About a week after the accident, Lucidi, then a sergeant with the MSP, collected paint samples from the vehicles involved

-1-

in the accident, including plaintiff's truck. In April 2013, Lindstrom (then a police trooper with the MSP), Lucidi, and Swanson collected more paint and glass samples from the vehicles involved in the accident, including plaintiff's vehicle. According to plaintiff, no results from any examination or testing of paint samples were divulged in the investigation.

In June 2013, plaintiff appeared at a Secretary of State driver's reexamination hearing to have his commercial driver's license reviewed. Swanson also appeared at the hearing and testified that plaintiff was at fault for the deaths of the individuals in the January 2013 accident. The Secretary of State revoked plaintiff's commercial driver's license at the end of the hearing.

In September 2013, Swanson submitted a warrant request to the Wayne County Prosecutor's Office seeking manslaughter charges against plaintiff based on a laboratory examination revealing an "association" between glass found in the Greenwood vehicle and plaintiff's truck. The assistant prosecuting attorney declined to bring charges, however, concluding that the accident was "simply a crash due to extremely poor weather conditions."

In 2014, plaintiff was a named party in a civil lawsuit concerning his liability for the accident. During the suit, defendants were all deposed. During their depositions, there was a discrepancy as to who was in charge of sending the paint samples for testing. Swanson stated that Lucidi was likely in charge of what evidence was tested, while Lucidi said that Swanson took possession of the paint samples and that it was Swanson's responsibility to send the samples to the laboratory for testing. The civil lawsuit was eventually dismissed in 2016 after the parties reached a settlement agreement.

In September 2017, plaintiff submitted two complaints to the Professional Standards Section of the MSP, one against Swanson and Weigers, the other against Lucidi and Lindstrom. The complaints alleged that defendants engaged in misconduct, tampered with witnesses, concealed evidence, and committed perjury. The complaints also referenced the paint samples taken from the accident and the lack of testing results. After reviewing plaintiff's complaints, the Professional Standards Section determined that no further inquiry would be conducted. Plaintiff's complaint was nevertheless forwarded to the Special Investigations Section of the MSP because plaintiff made criminal allegations against defendants. The complaint was received by Larissa LaMay, a detective sergeant with the Special Investigation Section. LaMay reviewed plaintiff's complaints and referred the matter to the Wayne County Prosecutor's Office, but was informed that there would be no charges brought against defendants.

On January 25, 2021, plaintiff filed the instant action against defendants. The complaint alleged, in relevant part, claims of (1) defamation; (2) gross negligence and intentional infliction of emotional distress; (3) civil conspiracy; and (4) fraudulent concealment.[1] Regarding plaintiff's fraudulent concealment claim, plaintiff alleged, "Through deceit and obfuscation, including untruthful and misleading deposition testimony, [d]efendants concealed their improper action and

---

[1] Plaintiff also alleged claims of malicious prosecution and abuse of process, but agreed to voluntarily dismiss those claims.

inaction in investigating the [a]ccident," and as a result, "[p]laintiff was unable to learn of the existence of his claims."

In lieu of filing an answer, Lucidi, Lindstrom, and Weigers moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). They argued that plaintiff's claims for defamation, gross negligence, intentional infliction of emotional distress, and civil conspiracy were barred by the applicable statutes of limitations, and that the fraudulent concealment rule did not toll plaintiff's claims because (1) defendants' purported bad acts could have been discovered from public records; (2) plaintiff was aware of a possible cause of action as early as 2013, and as late as 2015; and (3) plaintiff failed to plead specific actions taken by defendants designed to prevent discovery of his causes of action. Lucidi, Lindstrom, and Weigers alternatively argued that, if the fraudulent concealment rule applied, plaintiff's claims would only have been tolled until September 2019. Additionally, Lucidi, Lindstrom, and Weigers argued they were entitled to summary disposition on the basis of individual governmental immunity.

Plaintiff opposed the motion, arguing that it should be denied because (1) the fraudulent concealment rule applied; (2) plaintiff was entitled to discovery on the issue of whether the paint sample testing or examination results had been fraudulently concealed; (3) defendants failed to present evidence that they acted in good faith; and (4) plaintiff stated a claim for defamation against Swanson.

The trial court held a hearing on the motion at which it concluded that the fraudulent concealment rule did not apply. It explained:

> Unfortunately this Court finds nothing that extends the statute of limitation for this case, that it was long ago given up with the statute and the paint samples taken in 2013, the significant defense in the case and the underlying case . . . that was ultimately settled. Plaintiff was aware of these claims. He filed his own action against the police officers in 2018 [sic] involving these paint samples.

The trial court also concluded that Lucidi, Lindstrom, and Weigers were entitled to governmental immunity, stating:

> I think the governmental immunity defense would apply to the officers, except for Swanson who may have been engaged in purposeful, intentful [sic] action that would not allow governmental immunity to apply to him only. Nothing was presented in this case that would extend any of that purposeful or intentful [sic] action to these other officers and governmental immunity would also apply.

The trial court accordingly granted summary disposition in favor of Lucidi, Lindstrom, and Weigers, and indicated "that the applicable statutes of limitations have also lapsed on the claims against Defendant Swanson." This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant a motion for summary disposition. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020).

Defendants moved for summary disposition, in relevant part, on grounds that plaintiff's claims were barred by the statute of limitations. Such a motion is properly brought under MCR 2.116(C)(7). See *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 222; 779 NW2d 304 (2009). This Court has explained the review of a motion brought under MCR 2.116(C)(7) as follows:

> The moving party may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. We must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7). If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. But when a relevant factual dispute does exist, summary disposition is not appropriate. [*Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (quotation marks and citations omitted).]

This Court reviews de novo whether a claim is barred a statute of limitations, as well as the proper interpretation and application of the limitations period. *Stephens v Worden Ins Agency*, LLC, 307 Mich App 220, 227; 859 NW2d 723 (2014). Whether a limitations period was tolled is likewise reviewed de novo. *Prentis Family Found v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 46; 698 NW2d 900 (2005).

## III. DISCUSSION

Plaintiff argues that the trial court erred in granting summary disposition in favor of defendants because the fraudulent concealment rule tolled the applicable statutes of limitations for plaintiff's claims. We disagree.

The parties do not dispute that the longest statute of limitations applicable to any of plaintiff's claims was three years. See MCL 600.5805(2) and (11). The parties also do not dispute that all of the applicable statutes of limitations expired before plaintiff filed his complaint on January 25, 2021. Plaintiff argues that his claims can nevertheless proceed because the applicable statutes of limitations were tolled because defendants fraudulently concealed plaintiff's claims, contrary to MCL 600.5855. That statue states:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

MCL 600.5855 "permits the tolling of a statutory limitations period for two years if the defendant has fraudulently concealed the existence of a claim." *Mays v Snyder*, 323 Mich App 1, 39; 916 NW2d 227 (2018), aff'd 506 Mich 157 (2020). Under MCL 600.5855, a plaintiff has two years to

bring a claim from the time he discovers, or reasonably should have discovered, the claim if the plaintiff demonstrates that the defendant fraudulently concealed the claim. *Frank v Linkner*, 500 Mich 133, 148; 894 NW2d 574 (2017).

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (quotation marks and citation omitted). To establish fraudulent concealment, a plaintiff must show that the defendant engaged in some affirmative act or misrepresentation designed to conceal the existence of a cause of action or the identity of a potential defendant. *Id*. at 642-643. "[T]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Id*. at 643 (quotation marks and citation omitted).

MCL 600.5855 will not toll the applicable period of limitations if liability was "discoverable from the outset." *Prentis Family Foundation*, 266 Mich App at 48. Stated differently, fraudulent concealment does not toll the limitations period if a plaintiff could have discovered the fraud. See *id*. at 45 n 2. Accordingly, if a cause of action is or should be known, "there can be no fraudulent concealment which will interfere with the operation of the statute" of limitations. *Doe*, 264 Mich App at 643.

Plaintiff's complaint alleged that "[d]efendants concealed their improper action and inaction in investigating the [a]ccident and seeking to criminally charge plaintiff" as shown by defendants' mishandling of the first set of paint samples collected from the accident (either defendants failed to have these samples tested or they suppressed the results), and the fact that defendants directed the second set of paint samples not be tested. Fatal to plaintiff's argument, however, is the evidence in the record demonstrating that, as early as 2015 or as late as 2017, plaintiff knew or should have known of defendants' mishandling of both sets of paint samples.

During Swanson's deposition in the 2015 civil litigation involving plaintiff, plaintiff's counsel at the time questioned Swanson about both sets of paint samples collected from the vehicles involved in the January 2013 accident. Swanson testified that he did not know whether the first set of paint samples were sent to the lab for testing, but his report noted that the second set of samples were. Swanson said that he was unsure why his report did not state whether the first set of paint samples were sent to the lab. Similarly, Lucidi was asked about the paint samples, and he said that he was unsure whether the samples taken from vehicles involved in the accident, including plaintiff's vehicle, were ever tested.

In September 2017, after the civil litigation concluded, plaintiff initiated a complaint against defendants with the Professional Standards Section of the MSP. In his complaint against Swanson and Weigers, plaintiff referenced the lack of results from the paint samples taken for examination, and alleged that Swanson committed perjury during his deposition in the civil litigation because Swanson testified the paint samples were never tested when, in fact, the samples were sent to a laboratory for testing and the results revealed no match. In his complaint against Lucidi and Lindstrom, plaintiff alleged that "Lucidi collected Paint samples # 1-6 on 02/07/2013 [but] there is not [a] record of these samples being tested[,] and this page from the police report is the only proof items # 1-6 even exist[ed] because they disappeared." He also alleged that Lucidi,

along with Lindstrom, were "concealing evidence" because "they made lab reports and samples disappear with no explanation as to their whereabouts." He surmised that all four defendants named in this action were "conspiring to put an innocent man [plaintiff] in jail" through "evidence fabrication."

Based on the foregoing, and accepting as true for purposes of this opinion that defendants fraudulently concealed plaintiff's claims initially, the record demonstrates that plaintiff nevertheless knew or should have known about his causes of action against defendants by September 2017 at the latest, meaning that plaintiff would have needed to file a complaint by September 2019. Accordingly, plaintiff's complaint filed in 2021 was barred by the applicable statutes of limitations, and the trial court did not err by granting summary disposition in favor of defendants.

Plaintiff also argues the trial court erred by granting summary disposition in favor of Lucidi, Lindstrom, and Weigers on the basis of governmental immunity. It is unnecessary for us to address this argument, however, in light of our conclusion that plaintiff's claims are barred by the statutes of limitations.

Affirmed.


/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien