*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMY MCCORMICK and ROBERT MCCORMICK,

        Plaintiffs-Appellees,

v

MICHIGAN STATE UNIVERSITY,

        Defendant-Appellant.

UNPUBLISHED
January 10, 2025
2:45 PM

No. 367598
Court of Claims
LC No. 22-000159-MK

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

M. J. KELLY, J. (*dissenting*).

I dissent because, contrary to the majority, I believe that plaintiffs Amy McCormick and Robert McCormick have failed to state a claim for fraudulent concealment under MCL 600.5855 that would toll the notice provisions set forth in MCL 600.6431. Accordingly, I would reverse.

The fraudulent-concealment statute, MCL 600.5855, provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

As relevant to this case, the plain language of this statute tolls a limitations period if "the existence of the claim or the identity of any person who is liable for the claim" is fraudulently concealed. In *Mays v Snyder*, 323 Mich App 1, 43-44; 916 NW2d 227 (2018), aff'd by equal division 506 Mich 157 (2020), this Court explained that when the fraudulent-concealment exception in MCL 600.5855 is applicable, it tolls both the applicable statute of limitations and the statutory notice periods for claims filed in the Court of Claims. MCL 600.5855, however, does not provide that it tolls statute of limitations periods for claims that *have not yet accrued* nor does the opinion in *Mays* state that it tolls notice provisions for claims that do not yet exist. Instead, as this Court explained in *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632,

-1-

642; 692 NW2d 398 (2004), "it is quite clear that only actions after the alleged injury could have concealed plaintiff's causes of action against defendant because actions taken before the alleged injury would not have been capable of concealing causes of action that did not yet exist."

The first problem with the majority's analysis is that it does not recognize that the McCormicks' claims for breach of contract did not arise until their contracts were breached on December 31, 2019. All of the alleged fraudulent misrepresentations made by defendant Michigan State University (MSU) and Michigan State University College of Law (DCL) occurred before December 31, 2019. MCL 600.5855 cannot toll the limitations period for a claim that did not exist. Indeed, the statutory language provides for tolling claims, not anticipated claims. And, under *Doe*, because the cause of action did not yet exist at the time the fraudulent misrepresentations were made, the McCormicks' claim must fail. *Doe*, 264 Mich App at 642.

Second, the majority appears to conclude that MSU became liable for the McCormicks' contract claim against the DCL on December 12, 2019, when MSU and DCL entered into an asset-purchase agreement. That agreement provided that DCL would sell, assign, transfer, convey, and deliver all of its assets to MSU and that MSU would "assume and agree to pay, perform and discharge" all of DCL's liabilities and obligations. Yet, the majority does not recognize that the asset-purchase agreement also explicitly states that MSU would not assume DCL's liabilities until the parties closed on the agreement. According to the asset-purchase agreement, the closing date was anticipated to be in August 2020, but it was not guaranteed that the requirements for closing would be satisfied. Eventually, on August 17, 2020, MSU and DCL executed a bill of sale and assignment and assumption agreement, which included language that DCL's contracts would be assigned to MSU. It is undisputed that MSU accepted the assignment and assumed DCL's duties and obligations under its contracts as of August 17, 2020. Thus, as of December 12, 2019, it was *anticipated* that MSU would assume DCL's liabilities, but until August 17, 2020, MSU was not, in fact, liable for DCL's liabilities.

Again, the fraudulent-concealment statute provides that a limitations period (or notice provision) may be tolled when "the identity of any person who is liable for the claim" is fraudulently concealed. MCL 600.5855. Given that the facts clearly show that MSU—at the time that the allegedly fraudulent statements were made—was not liable for the claim, the McCormicks cannot show fraudulent concealment under MCL 600.5855.

In sum, MCL 600.5855 is a tolling statute. It cannot be used to toll claims before those claims exist. See *Doe*, 264 Mich App at 642. It cannot be used to toll statutory notice provisions for claims that do not yet exist. Here, all of the statements made by MSU and DCL were made before the McCormicks' claim for breach of contract existed and before MSU had any liability for DCL's anticipated breach of that contract. Despite those undisputed facts, the majority concludes that MCL 600.5855 applies and tolls the McCormicks' claim before it existed and tolled the Court of Claims' notice provisions before a claim even existed against MSU. Because the majority's analysis is contrary to the statutory language, binding caselaw, and common sense, I dissent.

/s/ Michael J. Kelly