# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 22, 2010

139604

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

CURT NOWACKI,
        Petitioner-Appellee,

v

STATE EMPLOYEES' RETIREMENT SYSTEM
and OFFICE OF RETIREMENT SERVICES,
        Respondents-Appellants.

SC: 139604
COA: 285630
Court of Claims: 08-000010-MZ

_____/

On order of the Court, the application for leave to appeal the May 14, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals in part, and we REMAND this case to the Court of Claims for entry of an order granting the respondents' motion for summary disposition of the petitioner's tort claims. Because the question of whether the petitioner was entitled to rely on the respondent Office of Retirement Services' calculation of his monthly benefit was raised, argued and decided in the administrative contested case hearing, the petitioner was precluded by collateral and administrative estoppel from relitigating the issue. *Nummer v Dep't of Treasury*, 448 Mich 534, 544 (1995). Moreover, because summary disposition was appropriate under MCR 2.116(C)(7) (immunity granted by law), the petitioner is not entitled to amend his complaint pursuant to MCR 2.116(I)(5). Even if the petitioner were entitled to amend his complaint, summary disposition is appropriately granted if further amendment would be futile. *Sands Appliance Services, Inc v Wilson*, 463 Mich 231, 240 (2000). The petitioner cannot show that the miscalculation of his duty disability benefit was the proximate cause of his alleged damages where the undisputed facts of this case indicate that: (1) the petitioner had been notified in writing that he was entitled to only $500 per month in benefits; (2) he had received duty disability benefits previously and received approximately $500 per month; and (3) he had been required to repay overpaid benefits in the past. Had he not spent the overpayment in spite of this knowledge, he could have simply repaid the Office of Retirement Services when it discovered the error, and he would have continued to receive the full amount of his monthly benefit. In all other respects, leave to appeal is DENIED because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 22, 2010

Clerk

d0114