*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT P. THOMAS,

        Plaintiff-Appellant,

v

ANTHONY F. RICHARDS and ALTHEA D. RICHARDS,

        Defendants-Appellees.

UNPUBLISHED
July 29, 2021

No. 354255
St. Clair Circuit Court
LC No. 19-002813-CZ

Before: GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Robert P. Thomas, appeals as of right the trial court's order granting defendants, Anthony F. Richards and Althea D. Richards, summary disposition under MCR 2.116(C)(7). We affirm.

## I. FACTS

This case arises from a land contract between the parties. In 1995, defendants owned certain commercial property in Port Huron, Michigan, that previously had been used as a gas station and restaurant. Defendants learned that two underground storage tanks on the property were leaking hazardous substances into the surrounding soil. As a result of the leakage, the property was designated as a "facility"[1] under Michigan's Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.* Defendants contracted with Universal Environmental Science & Engineering, Inc. (UESE), to remove the leaking storage tanks and the contaminated surrounding soil. After completing the cleanup, UESE informed defendants by letter that "the site should not be considered to constitute an environmental hazard to the subject or

---

[1] The NREPA defines a "facility," in relevant part, as "any area, place, parcel or parcels of property, or portion of a parcel of property where a hazardous substance in excess of the concentrations that satisfy the cleanup criteria for unrestricted residential use has been released, deposited, disposed of, or otherwise comes to be located." MCL 324.20101(1)(s).

adjoining properties. Also, the property should not be considered as contaminated as long as the intended use of the property does not change from a Commercial Subcategory III or IV." Defendants did not take any further action to change the classification of the property as a "facility" under the NREPA.

On May 13, 1996, the parties entered into a land contract by which plaintiff agreed to purchase the property from defendants. According to plaintiff's complaint, during the execution of the land contract defendants advised him of the hazardous substance leak and the cleanup that had occurred. Plaintiff also alleged that at that time defendant Anthony Richards (defendant) represented to him that the property was no longer considered a "facility" under the NREPA, that the assessment reports prepared by UESE in 1995 identified both defendant and plaintiff as the owners of the property, and that as a new owner, plaintiff was not liable for contamination that existed before the date of purchase. Plaintiff alleged that defendant affixed plaintiff's name on the covers of the UESE reports in connection with these assertions.

After entering into the land contract, plaintiff operated his chiropractic business on the property for many years. The land contract required plaintiff to pay monthly payments to defendants and to pay the contract in full by May 2000, but over the years the parties agreed to several extensions. In 2019, plaintiff defaulted on the land contract and defendants sought payment of the balance owed under the land contract. While attempting to sell the property, plaintiff learned that the property was still designated as a "facility" under the NREPA by the Michigan Department of Environmental Quality (MDEQ). Plaintiff asserts that the designation of the property as a facility precluded him from selling the property and from obtaining conventional financing, and necessitated further environmental cleanup of the property.

Plaintiff filed his complaint initiating this action on December 6, 2019, alleging that defendant engaged in fraud and misrepresentation, innocent misrepresentation, fraud in the inducement, and silent fraud. Plaintiff alleged that at the time of the execution of the land contract, defendants represented to him that the documentation necessary to change the designation of the property from a facility had been submitted to the MDEQ, assured him that he would have no future environmental cleanup obligations, assured him that the property was free of environmental issues and was marketable, and failed to disclose the true status of the property. Plaintiff alleged that he entered into the land contract relying upon defendants' fraudulent statements.

Defendants moved for summary disposition under MCR 2.116(C)(7) and (8), contending that plaintiff's claim was barred by the six-year statute of limitations under MCL 600.5813. Plaintiff responded that defendants fraudulently concealed the existence of his claim, and that he therefore was entitled to bring the action within two years of discovering the claim under MCL 600.5855. The trial court found that defendants were entitled to summary disposition under MCR 2.116(C)(7) because plaintiff's complaint did not allege fraudulent concealment nor facts supporting that assertion, and that plaintiff's claim therefore was barred by the statute of limitations.

Plaintiff moved for reconsideration and requested leave to amend his complaint to allege fraudulent concealment. The trial court denied plaintiff's motion for reconsideration and also denied plaintiff's request to amend the complaint. The trial court found that amendment of the

complaint would be futile because there was no dispute that defendants did not act to conceal plaintiff's claim after the execution of the land contract. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting defendants summary disposition under MCR 2.116(C)(7). Plaintiff argues the trial court misapplied the fraudulent concealment exception to the statute of limitations in reaching the conclusion that plaintiff's claim was barred under MCL 600.5813. We disagree.

## A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant or deny summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich App 152, 159; 934 NW2d 665 (2019). We also review de novo issues involving the proper interpretation of statutes. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). When reviewing a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7), we consider all documentary evidence in the light most favorable to the non-moving party, *RDM Holdings, Ltd v Continental Plastics, Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), accepting the complaint as factually accurate unless specifically contradicted by affidavit or other documentation. *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017). Summary disposition is properly granted under MCR 2.116(C)(7) when a claim is barred by the statute of limitations. *Id*. If the facts are not disputed, whether a claim is barred by the statute of limitations is a question of law for the court. *RDM Holdings*, 281 Mich App at 687.

## B. STATUTE OF LIMITATIONS

A statute of limitations is defined as a " 'law that bars claims after a specified period; specif[ically], a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued.' " *Frank*, 500 Mich at 142, quoting *Black's Law Dictionary* (10th ed) (alteration in original). The purpose of a statute of limitations is to prevent a defendant from being forced to defend against a stale claim. *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995). The party asserting the statute of limitations has the burden of proving that defense. *Prins v Michigan State Police*, 291 Mich App 586, 589; 805 NW2d 619 (2011).

The applicable limitations period is determined by the "gravamen of an action" based on the complaint as a whole. *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007). Here, the parties do not dispute that the relevant period of limitations for plaintiff's fraud claims is six years under MCL 600.5813. See *Citizens Ins Co of America v Univ Physician Group*, 319 Mich App 642, 651; 902 NW2d 896 (2017). MCL 600.5813 provides:

> All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.

The parties also do not dispute that plaintiff's claims of fraud accrued "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827; see also *Boyle v Gen Motors Corp*, 468 Mich 226, 232; 661 NW2d 557 (2003). Because

plaintiff asserts that the fraud occurred at the time of the execution of the land contract on May 13, 1996, and he filed his complaint on December 5, 2019, more than six years elapsed after the accrual of his claim, and the statute of limitations therefore bars his claim.

Plaintiff contends, however, that the statute of limitations was tolled in this case because defendants fraudulently concealed his claim. MCL 600.5855 provides for the tolling of a statutory limitations period when a defendant fraudulently conceals the existence of the plaintiff's claim. *Mays v Snyder*, 323 Mich App 1, 39; 916 NW2d 227 (2018), aff'd 506 Mich 157 (2020). MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Thus, under MCL 600.5855 a plaintiff has two years within which to bring a claim from the time he or she discovers or reasonably should have discovered the claim or the person liable for the claim if the plaintiff proves that the defendant fraudulently concealed the existence of the claim or of the person liable for the claim. *Frank*, 500 Mich at 148.

Fraudulent concealment is "employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (quotation marks and citation omitted). To successfully assert fraudulent concealment, the plaintiff must plead the acts or misrepresentations that comprised the fraudulent concealment, and must demonstrate that the acts or misrepresentations were designed to prevent discovery of the plaintiff's cause of action. *Mays*, 323 Mich App at 39. Ordinarily, a defendant's mere silence is insufficient to establish fraudulent concealment. *Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 123; 850 NW2d 649 (2014).

In addition, to successfully assert the tolling provision of MCL 600.5855 the plaintiff must have been reasonably diligent in investigating and pursuing the cause of action. See *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 48; 698 NW2d 900 (2005). Fraudulent concealment does not toll the running of the limitation period if the plaintiff could have discovered the fraud, including if the fraud could have been discovered from public records. See *id*. at 45 n 2. Rather, "[i]f liability were discoverable from the outset, then MCL 600.5855 will not toll the applicable period of limitations." *Id*. at 48.

In this case, the trial court found that plaintiff did not allege affirmative acts by defendants designed to prevent plaintiff from discovering the cause of action, stating that "[n]o facts alleging affirmative action by Defendants have been set forth in Plaintiff's complaint or response to Defendants' motion that show that Defendants have fraudulently concealed the cause of action after the cause of action occurred." The trial court therefore concluded that MCL 600.5855 did

not toll the running of the six-year period of limitation under MCL 600.5813. The trial court's conclusion is supported by the record, which demonstrates that plaintiff did not set forth affirmative acts or misrepresentations by defendants designed to prevent discovery of the cause of action, and therefore did not allege facts sufficient to support a claim of fraudulent concealment. Plaintiff therefore failed to demonstrate that the running of the period of limitations was tolled by MCL 600.5855.

Plaintiff argues, however, that he asserted that defendants affirmatively acted to conceal his cause of action by telling him that the underground tanks were no longer leaking, that as the new owner of the property he would not have liability for future environmental cleanup of the property, and that the environmental cleanup had been for his benefit as well as defendants', and by affixing his name to the environmental reports. However, these acts are alleged to have occurred before or at the time of the execution of the land contract and thus form the basis for the alleged fraud that created plaintiff's cause of action. These alleged actions do not demonstrate an attempt to conceal the cause of action after it existed. To establish fraudulent concealment, plaintiff was obligated to demonstrate that after the cause of action arose, defendants affirmatively acted to conceal his cause of action. See *Doe*, 264 Mich App at 641 ("[O]nly actions after the alleged injury could have concealed plaintiff's causes of action against defendant because actions taken before the alleged injury would not have been capable of concealing causes of action that did not yet exist.")

Further, plaintiff cannot establish fraudulent concealment of his claim if the fraud "was discoverable from the outset." *Prentis Family Foundation*, 266 Mich App at 48. The status of the contamination of the property, the adequacy of the cleanup, the status of the property with the MDEQ, and the extent of plaintiff's potential exposure to liability as a purchaser of the property was discoverable at the outset by consulting environmental experts, the MDEQ, and legal counsel, which plaintiff evidently did not do. We therefore conclude that the trial court did not err by determining that the running of the six-year period of limitation was not tolled by fraudulent concealment under MCL 600.5813.

C. MOTION TO AMEND

Plaintiff also contends that the trial court abused its discretion by denying his request to amend the complaint to allege that defendants fraudulently concealed his cause of action. We disagree.

Under MCR 2.118(A)(2), a party may amend a pleading upon leave of the trial court; leave to amend a pleading "shall be freely given when justice so requires." *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 209; 920 NW2d 148 (2018). We review a trial court's decision to grant or deny a motion to amend a pleading for an abuse of discretion. *Long v Liquor Control Comm'n*, 322 Mich App 60, 67; 910 NW2d 674 (2017). The trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *Shah*, 324 Mich App at 208.

A motion to amend a pleading is properly denied if the amendment would be futile. *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). Amendment of a pleading is futile if "(1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely

restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (citations omitted). If further amendment of a pleading would be futile, summary disposition is appropriately granted. *Nowacki v State Employees' Retirement Sys*, 485 Mich 1037 (2010).

In his motion for reconsideration, plaintiff requested leave to amend his complaint to allege that defendants fraudulently concealed his cause of action. Plaintiff asserted that the affirmative action taken by defendants was affixing his name to the environmental reports. The trial court denied plaintiff's motion to amend the complaint, finding that amendment would be futile because no facts had been alleged to support the assertion that defendants had affirmatively acted to conceal plaintiff's claim. On appeal, plaintiff contends that the trial court failed to consider his assertion that defendants acted affirmatively by affixing plaintiff's name to the reports. As discussed, defendants' alleged affixing of plaintiff's name to the environmental reports was an act that allegedly caused plaintiff to enter into the land contract, not an act to conceal the cause of action after the claim arose.[2] Because the proposed amendment, as described in plaintiff's motion for reconsideration, does not set out allegations adequate to state a claim for fraudulent concealment, plaintiff's proposed amendment was futile. The trial court therefore did not abuse its discretion by denying plaintiff's request to amend his complaint.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

---

[2] We reject plaintiff's argument that his claim accrued when defendants made allegedly false statements, not when the parties entered into the land contract, and that the act of affixing his name to the environmental reports was a later act to conceal the cause of action. Plaintiff had no cause of action for fraud until the elements of that claim existed, including the elements of reliance upon the fraud and damages suffered, which according to plaintiff's complaint arose from the execution of the land contract.