*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOLLY GUSTINIS and RACHEL MCLAURY,

        Plaintiffs-Appellants,

v

DA BEST PLUMBING, INC,

        Defendant-Appellee.

UNPUBLISHED
November 9, 2021

No. 355250
Oakland Circuit Court
LC No. 2020-180885-NO

Before: GLEICHER, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Holly Gustinis and Rachel McLaury filed suit in 2020 against Da Best Plumbing, Inc, regarding plumbing work performed in 2009. The circuit court dismissed their complaint under MCR 2.116(C)(7) as all statutes of limitations and repose had long expired. Plaintiffs contend that the limitations periods were tolled because Da Best fraudulently concealed its faulty workmanship. Plaintiffs failed to allege any facts supporting this fraudulent concealment theory. We affirm.

## I. BACKGROUND

On September 12, 2009, Gustinis entered into a contract with Da Best for plumbing repairs to her residence. Da Best performed the repairs between September 12 and September 30, 2009. Shortly after the work was completed, Gustinis smelled sewer gas in the home. She contacted Da Best and the city of Oak Park, both of whom told her there was no need for concern. Da Best instructed Gustinis to pour bleach down the sewer drain in the basement. Gustinis "followed Da Best's instructions, but the problem persisted."

Gustinis asserted that in June 2018, "the odor inside my home became substantially worse and persistent to the point that it was noxious and was causing me to become ill." The city of Oak Park inspected the portion of the sewer line connecting the house line to the street, but did not inspect the pipeline under the house. The city uncovered no issues of concern. In early 2020, Harvey Aydlott, owner of Aydlott Mechanical, removed part of the concrete basement floor and found that Da Best had made several errors that caused significant defects in the sewer system. Specifically, Da Best failed to install a storm system trap, which allowed sewer gas to leak and build up under the basement floor. Sewer water had also seeped into and "washed out" the soil

that should have been present between the pipe and the floor. Da Best had also installed a broken H-fitting, and installed it backward. "[B]lack muck in the soil underneath the pipes evidenced that the condition "was not new and had been that way for some time." Aydlott fixed the problems, the odor stopped, and Gustinis's health improved.

On April 22, 2020, plaintiffs filed suit against Da Best raising claims of (1) breach of contract, (2) breach of implied warranty, (3) private nuisance, and (4) negligence. Da Best moved for summary disposition under MCR 2.116(C)(7), arguing that all of plaintiffs' claims were time-barred. The longest limitations periods applicable to plaintiffs' claims were six years. See MCL 600.5839(1)(a) (providing that an action for injury caused by a contractor's faulty workmanship must be filed within six years of completion of the work); MCL 600.5807(9) (providing a six-year statute of limitations for breach of contract claims). Plaintiffs did not raise their claims until 10½ years after the work was completed. Relevant to this appeal, plaintiffs retorted that Da Best fraudulently concealed the defects in its workmanship, misleading conduct that tolled the statutes of limitation.

The court dismissed plaintiffs' complaint in its entirety. The court found plaintiffs' fraudulent concealment claim unavailing because they failed to claim that Da Best "affirmatively acted or made misrepresentations to prevent discovery of the claims . . . . [and had therefore] not sufficiently asserted that [Da Best] committed fraudulent conduct so as to toll the statute of limitation." Because the statutes of limitations and repose had not tolled, the court concluded that the claims were all belatedly filed.

Plaintiffs now appeal.

II. ANALYSIS

We review de novo a lower court's resolution of a summary disposition motion. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). If a statute of limitations bars a claim, the circuit court may grant summary disposition pursuant to MCR 2.116(C)(7). *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "When reviewing a motion under MCR 2.116(C)(7), a reviewing court must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party." *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011).

There is no real dispute that plaintiffs filed their complaint four-and-half years after the expiration of the longest statute of limitations. But plaintiffs challenge the trial court's rejection of their position that Da Best's fraudulent concealment of its inferior workmanship tolled the statutes of limitations applicable to their claims. MCL 600.5855 provides for the tolling of the statute of limitations when a defendant fraudulently conceals the facts necessary to discover the claim:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action

discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Fraudulent concealment is an exception to the statute of limitation. *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004).

This Court has long held that "[t]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996), citing *In re Farris Estate*, 160 Mich App 14, 18; 408 NW2d 92 (1987); see also *Doe*, 264 Mich App at 643. The defendant must have "committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery," "[m]ere silence is insufficient." *Sills*, 220 Mich App at 310, citing *Buszek v Harper Hosp*, 116 Mich App 650, 654; 323 NW2d 330 (1982). " 'Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action.' " *Doe*, 264 Mich App at 642, quoting *Tonegatto v Budak*, 112 Mich App 575, 583; 316 NW2d 262 (1982).

Contrary to plaintiffs' argument, the court did not assert that they were required to allege fraudulent concealment as a separate claim in their complaint. The court stated in the opinion and order granting summary disposition: "In the Complaint, Plaintiffs did not claim that Defendants affirmatively acted or made misrepresentations to prevent discovery of the claims. Thus, Plaintiffs have not sufficiently asserted that Defendant committed fraudulent conduct so as to toll the statute of limitation." The word "claim," read in context, does not suggest that the court expected plaintiffs to raise a separate count of fraudulent concealment. Rather, the court used the word "claim" synonymously with "allege," communicating that plaintiffs did not allege any facts supporting that Da Best fraudulently concealed its defective workmanship; i.e. that Da Best acted or made misrepresentations with the goal of preventing discovery of plaintiffs' claims.

Plaintiffs further contend that they did allege facts in their complaint that tended to establish that Da Best purposefully concealed its workmanship to prevent plaintiffs from discovering their claims. Plaintiffs emphasize their allegations in the complaint that the plumbing work performed by Da Best "included subterranean repair and installation." Plaintiffs further alleged that Da Best implicitly promised and warranted that the work would be professionally completed, but "created a nuisance in the form of defective underground plumbing." A contractor does not fraudulently conceal its defective workmanship simply because the work is performed underground where it cannot be easily inspected. Covering the plumbing repairs with a cement basement floor was part of the job; Da Best would have acted negligently had it not replaced the basement floor after performing the work. Plaintiffs did not allege that Da Best covered its work with a cement basement floor for the purpose of hiding its defective work so that plaintiffs would not discover their legal claim. If simply burying a sewer line underground amounts to an act of concealment, every installment of plumbing material would be an act of fraudulent concealment.

Aydlott's affidavit did not support plaintiffs' fraudulent concealment argument either. Aydlott described the condition of the plumbing work completed by Da Best. Although Aydlott opined that the workmanship was defective, he did not attest that Da Best covered the condition to prevent plaintiffs' discovery of their claims.

Plaintiffs additionally assert that they alleged in the complaint that Da Best fraudulently concealed their faulty workmanship by telling plaintiffs that the problem "was normal, nothing to worry about and to just pour some bleach down the drain." This allegation, standing alone, was insufficient to allege that Da Best made this statement to fraudulently conceal its errors. There is no allegation that Da Best actually knew that its work was inferior or that it did not believe its advice would resolve the problem. Indeed, plaintiffs accepted that advice for nine years.

Plaintiffs assert that the city inspector's reports compounded Da Best's statements, further concealing the faulty workmanship. However, plaintiffs knew that the city inspected only a portion of the sewage system. The city clearly did not break up the cement basement floor and could not have discovered any defect. Therefore, the city inspectors could have made no representation to compound any potentially fraudulent statement made by Da Best.

Plaintiffs draw a comparison to *King v Park West Galleries, Inc*, unpublished opinion of the Court of Appeals, issued December 2, 2014 (Docket No. 314188),[1] arguing that *King* supports the conclusion that plaintiffs relied on Da Best's assurances that the work was done properly and were therefore prevented from discovering the defect. In *King*, unpub op at 5-6, this Court held that there was a question of fact as to whether the plaintiff's reliance upon a certificate of authenticity for ten years was reasonable. But Da Best did not provide a certificate attesting to the quality of its work. Rather, Da Best accepted a call from plaintiffs describing the difficulties they experienced, and provided advice to remedy the problem. There is no allegation that Da Best touted the quality of its work to lull plaintiffs into complacency. Indeed, the city gave plaintiffs the same advice.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Amy Ronayne Krause

---

[1] In Michigan, unpublished cases are not legally binding, but can be considered for their persuasive value. MCR 7.215(C)(1); *Reidenbach v Kalamazoo*, 327 Mich App 174, 187; 933 NW2d 335 (2019).